(91 South. 439)

No. 24473.

### DREYFUS v. CITY OF NEW IBERIA.

(April 3, 1922.)

*(Syllabus by the Court.)*

1. Sales ⌾⇒82(2)—Payment at time and place of delivery when no stipulation made.

If no stipulation be made as to the time and place of payment, the purchaser must pay at the time and place of delivery.

**2. Municipal corporations ⬩⬩⬩370—Paving contractor held entitled to payment for each stretch of paving as completed; purchaser.**

When work contracted for is composed of detached pieces, or made at the rate of so much a measure, the parts may be delivered separately as completed.

Appeal from Nineteenth Judicial Court, Parish of Iberia; James Simon, Judge.

Suit by Leon Dreyfus against the City of New Iberia. From a judgment for plaintiff for insufficient relief, both parties appeal. Amended and affirmed.

Burke & Smith, of New Iberia, for plaintiff.

Isidore W. Gajan, City Atty., of New Iberia (Porteus R. Burke, of New Iberia, of counsel), for defendant.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. Defendant advertised for bids for paving city sidewalks, the bids to be at so much per linear foot of curbing, so much per square foot of paving, etc.

Plaintiff made a bid in accordance with the specifications, which was accepted. He then proceeded with the work, and, having completed certain stretches of paving, demanded payment for the finished work. The defendant refused to pay at that time more than 85 per cent. of the agreed price under alleged custom (not proved) that on all public works 15 per cent. of the price was always reserved until the final completion of the whole work.

Plaintiff thereupon ceased work, and brought suit for the amount claimed, and also to have the contract canceled. Defendant now claims that it owes plaintiff nothing, that the work was not done according to specifications, and that plaintiff, having abandoned the work, has forfeited the contract, and it prays for judgment against plaintiff for the full amount of the bond by him furnished for the faithful performance of the work.

The claim that the work was not done according to specifications is only an afterthought and is not supported by the evidence. The district judge found no merit in it; nor do we.

The contract contains no provision as to the method of payment except the following clause:

"If the mayor should fail to settle with the contractor for any work completed according to contract, then the contractor shall have the right to suspend work on the additional contract work until said payment will have been made, and such delays shall not count against the contractor."

This clause, of course, very clearly indicates that the contractor was not required to wait for his payment until the completion of the whole contract, since there would then be no further work to be suspended until payment. It means, at most, only this, that the contractor shall not demand payment on any particular stretch of work until that particular stretch has been completed.

[1, 2] But, when contracts of this sort are silent as to the time and manner of payment, our law very clearly provides how this shall be done.

For the one for whom the work is done is clearly a purchaser; in fact article 2 and article 46 of the specifications expressly designate the defendant by the word "purchaser." But, according to C. C. art. 2550, if no stipulation be made as to the place and time of payment, then the purchaser must pay at the time and place of delivery. And C. C. art. 2761, provides that when the work contracted for is composed of detached pieces, or made at the rate of so much a measure, the parts may be delivered separately as completed.

We conclude, as did the district judge, that plaintiff had the right to insist that

the work be accepted and paid for as each separate stretch of paving was completed.

The defendant therefore clearly breached the contract when it refused, and persisted in refusing, to pay plaintiff what was due him. And accordingly we think the trial judge erred when he directed that plaintiff continue with the work; and to that extent his judgment must be amended.

### Decree.

The judgment appealed from is therefore amended so as to cancel and annul the contract between the parties, as prayed for by plaintiff; and as thus amended said judgment is affirmed at the cost of defendant in both courts.